**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____

| | |
|---|---|
| CRAIG RESS; and ) | |
| CARL COGDILL, ) | |
| ) | |
| Plaintiffs, ) | Civil No._____ |
| ) | |
| v. ) | Jury Trial Demanded |
| ) | |
| THE DIVEHEART FOUNDATION, a corporation ) | |
| ) | |
| ) | |
| Defendant. ) | |

_____)

## COMPLAINT

Plaintiffs Craig Ress and Carl Cogdill, by and through undersigned counsel, hereby

submit this complaint for violations of Title III of the Americans with Disabilities Act ("ADA"),

42 U.S.C. §§ 12181, *et seq*. and the Illinois Human Rights Act, 775 ILCS 5, *et seq*.

## I.      INTRODUCTION

1.      This is a disability discrimination case on behalf of accomplished scuba divers,

whose certifications were unjustifiably and unlawfully modified and/or revoked by Defendant

The Diveheart Foundation ("Diveheart").  This civil action seeks to redress Diveheart's willful

violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181, *et seq*. ("ADA")

and the Illinois Human Rights Act, 775 ILCS 5, *et seq*. ("IHRA").  Specifically, Plaintiffs Craig

Ress and Carl Cogdill ("Plaintiffs") bring this action for declaratory judgment, injunctive relief,

and damages for denial of access to, and the full and equal enjoyment of, the goods, services,

facilities, privileges, advantages, or accommodations of Diveheart because Plaintiffs' scuba

diving certificates issued by Diveheart were unjustifiably modified or revoked on the basis of Plaintiffs' disabilities.

## II.    JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs assert a claim under the Americans with Disabilities Act of 1990, Pub. L. 101-335, 104 Stat. 327 (codified at 42 U.S.C. §§ 12101-12213).

3.      This Court has supplemental jurisdiction over Plaintiff Craig Ress's state-law claim pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  Plaintiff Ress's state-law claim arises from a common set of operative facts and are so related to the claims in the action within the original jurisdiction of the Court that they form part of the same case or controversy.  The Illinois Department of Human Rights issued to Plaintiff Craig Ress a Notice of Right to Commence Civil Action concerning his Illinois Human Rights Act claim on August 13, 2019.  This civil action was filed within 95 days of this Notice.[1]

4.      This Court has personal jurisdiction over Defendant, because Diveheart is headquartered in and regularly conducts business in the state of Illinois and in this judicial district.

---

[1] Plaintiff Carl Cogdill has also filed a charge of discrimination with the Illinois Department of Human Rights, and is awaiting processing of that charge and issuance of a Notice of Right to Commence Civil Action concerning his Illinois Human Rights Act claim.  Upon receipt of that Notice, Plaintiffs intend to move for leave to amend this complaint to add Mr. Cogdill's IHRA claim.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to this action occurred in this district and because Defendant resides in this district.

### III.    PARTIES

6.      Plaintiff Craig Ress ("Dr. Ress") is an adult resident of the state of Florida and a medical doctor.  Dr. Ress has spinal and lower limb abnormalities resulting from cancer at an early age, and he is an individual with a disability as defined in the ADA.  Dr. Ress is also a scuba diving instructor, certified as an instructor by several internationally recognized scuba diving schools and specializing in scuba diving instruction of people with disabilities.

7.      Plaintiff Carl Cogdill ("Mr. Cogdill") is an adult resident of the state of Texas.  Mr. Cogdill has T-4 paraplegia and is an individual with a disability as defined in the ADA.  Mr. Cogdill is a scuba diving buddy, certified by an internationally recognized scuba diving agency.

8.      Defendant The Diveheart Foundation ("Diveheart") is a place of education and a place for exercise and recreation.  Diveheart claims that its mission is "to provide and support educational scuba diving programs that are open to any child, adult or veteran with a disability." Among the goods and services provided by Diveheart are several courses to become a certified scuba diving instructor of students with disabilities, referred to as "adaptive divers."

### IV.    FACTS

**A.  Services Offered by Diveheart**

9.      Diveheart offers four adaptive scuba training courses.  These are: 1) the Adaptive Diver Course (for persons with disabilities wishing to learn to learn how to scuba dive); 2) the Adaptive Dive Buddy Course; 3) the Advanced Adaptive Dive Buddy Course; and 4) the Adaptive Instructor Course.

10.     Certification as an Adaptive Dive Buddy entitles one to assist adaptive diving students, under the supervision of a certified adaptive instructor, in Diveheart Scuba Experiences and in trainings to become adaptive divers.

11.     Certification as an Advanced Adaptive Dive Buddy entitles one to perform the same duties as an Adaptive Dive Buddy, but with more complex situations, such as quadriplegic adaptive diving students.

12.     Certification as an Adaptive Instructor entitles one to lead Diveheart Scuba Experiences, lead trainings of adaptive divers and adaptive dive buddies, and determine whether to award certifications as adaptive divers and adaptive dive buddies to students.  In a typical Adaptive Diver Course, there is a team of divers led by one certified Adaptive Instructor.

13.     The Diveheart Adaptive Diver Training Manual provides that a certified Diveheart Adaptive Diver is eligible to advance his training to become a certified Adaptive Dive Buddy or Adaptive Scuba Instructor.

**B.  Dr. Ress's Certification by Diveheart as an Adaptive Instructor**

14.     Dr. Ress learned to scuba dive more than 40 years ago, when he was approximately 12 years old.  In 2017, Dr. Ress began taking courses through Diveheart to become a scuba diving instructor for adaptive diving students.  Dr. Ress excelled at Diveheart's course, completing the curriculum offered by Diveheart.  In 2017, he became a certified Diveheart Adaptive Instructor, which entitled him to lead Diveheart Scuba Experiences and to lead the training of people wishing to become adaptive divers and adaptive dive buddies.  This certification also allowed Dr. Ress to lead such teams without the presence of another Adaptive Instructor, and entitled Dr. Ress to determine, based on his evaluation of his students, whether to certify such students as adaptive divers and adaptive dive buddies.

4

15.     Dr. Ress obtained similar certifications from other schools offering certifications as scuba diving instructors for disabled individuals, including the Handicapped Scuba Association and Scuba Diving International.

16.     Following receipt of his Diveheart certification, Dr. Ress used this certification to train more than 20 adaptive divers.  During these trainings, Dr. Ress was often the only certified Diveheart scuba diving instructor, as allowed by his certification and as was known and approved of by Diveheart.  Diveheart Executive Director, Tinamarie Hernandez asked Dr. Ress to conduct additional similar trainings in South Africa.

**C.  Diveheart's Restrictions on Plaintiff Craig Ress's Certification**

17.     In August 2018, Dr. Ress expressed concern via email to Diveheart Founder and President Jim Elliott and Executive Director Tinamarie Hernandez regarding mismanagement by Diveheart's Florida leadership.  Specifically, Dr. Ress complained that the leader of the South Florida Diveheart Unit, Wilhelmina Stanton, was disorganized, used bad equipment and was abusive to and screamed at dive buddies.  At the time Dr. Ress made this complaint to Diveheart President Jim Elliott, Ms. Stanton was in a romantic relationship with Mr. Elliott.

18.     Rather than address these concerns, Mr. Elliot immediately placed restrictions on Dr. Ress's Adaptive Instructor certification, citing his disability as the basis for such restrictions. These restrictions prevented Dr. Ress from providing trainings with his Diveheart certification unless he was accompanied by a second certified professional Diveheart adaptive instructor.

19.     These new restrictions were wholly inconsistent with the prior trainings Dr. Ress provided pursuant to his Diveheart certification.  Dr. Ress had conducted several trainings for adaptive divers with Diveheart's knowledge and consent using assistants who were not adaptive instructors, just as any other Diveheart instructor would do.

20.     Requiring a second certified professional Diveheart adaptive instructor to accompany Dr. Ress meant that Diveheart had effectively eliminated Dr. Ress' ability to be hired as an instructor, since a "two certified professional Diveheart adaptive instructor" rule would create unnecessary redundancy and typically mean double the pricing for any student wishing to use his services.  These restrictions have also caused Dr. Ress great emotional pain and embarrassment, as he has been unable to explain to diving colleagues and students why Diveheart has modified his certification.

21.     These restrictions were and are wholly unjustified.  Dr. Ress met all of the standards to be a certified professional Adaptive Instructor without such restrictions prior to September 2018, and he continues to meet all of those standards today.  Dr. Ress also holds similar certifications without restrictions from other certification schools, including the Handicapped Scuba Association and Scuba Diving International.

22.     Following the implementation of these restrictions, Dr. Ress, through counsel, attempted to resolve this matter with Diveheart, culminating in a detailed letter sent to Diveheart's counsel on February 18, 2019.  Diveheart refused to remove these restrictions.

**D.  Carl Cogdill's Certification as an Advanced Adaptive Dive Buddy**

23.     Mr. Cogdill has been a scuba diver for approximately 3 years.  In 2018, Mr. Cogdill began taking courses through Diveheart to become an Advanced Adaptive Dive Buddy.  Mr. Cogdill excelled at these courses, rising through stages of the curriculum offered by Diveheart.  In 2018, Mr. Cogdill was certified by Diveheart as an Advanced Adaptive Dive Buddy.  This certification entitled Mr. Cogdill to assist the teams instructing people to become adaptive divers.

24.     Mr. Cogdill's performance as an Advanced Adaptive Dive Buddy was exemplary. After receiving his certification he performed the functions of this role on at least 15 occasions, often exceeding the performance of other participants without disabilities.

25.     Mr. Cogdill has obtained a similar certification from the Professional Association of Diving Instructors (PADI).

**E.  Diveheart's Revocation of Carl Cogdill's Certification**

26.     On February 22, 2019, Mr. Cogdill received a phone call from Diveheart Founder and President Jim Elliott.  During this call, Mr. Elliott informed Mr. Cogdill that his certification as an Advanced Dive Buddy was being revoked because of his disability.

27.     This revocation was and is wholly unjustified.  Mr. Cogdill met all of the standards to be an Advanced Dive Buddy prior to February 22, 2019, and continues to meet all of those standards today.  This revocation has caused Mr. Cogdill great emotional pain and embarrassment, as he has been unable to explain to diving colleagues why Diveheart has revoked his certification, and has hindered his ability to secure positions as a dive buddy with other diving teams.

28.     The timing of this revocation, coming days after Dr. Ress made clear what steps Diveheart must take to avoid legal action, appears to be an attempt by Diveheart to justify its disability discrimination against Dr. Ress by revoking other certifications held by persons with disabilities.

**V.     CLAIM FOR RELIEF**

29.     Plaintiffs reallege and reincorporate by reference the allegations set forth in this Complaint as if fully set forth herein.

**COUNT ONE**
**Discrimination on the Basis of a Disability in Violation of the Americans with Disabilities Act (42 U.S.C. §§ 12181, *et seq.*)**
**On Behalf of Both Plaintiffs**

30.     On July 12, 1990, Congress enacted the ADA "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

31.     Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any public place of accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

32.     Diveheart is a "place of public accommodation" within the meaning of the ADA. 42 U.S.C. § 12181(7)

33.     Defendant is a "private entity who owns . . . or operates a place of public accommodation," and therefore has obligations under Title III of the ADA. 42 U.S.C. § 12182(a).

34.     Title III makes it "discriminatory to subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C. § 12182(b)(1)(A)(i).

35.     Title III further makes it "discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class . . . with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or

accommodation that is not equal to that afforded to other individuals." 42 U.S.C. §
12182(b)(1)(A)(ii).

36.     Title III further makes it "discriminatory to provide an individual or class of
individuals, on the basis of a disability or disabilities of such individual or class, directly, or
through contractual, licensing, or other arrangements with a good, service, facility, privilege,
advantage, or accommodation that is different or separate from that provided to other individuals
. . . ." 42 U.S.C. § 12182(b)(1)(A)(iii).

37.     Title III provides that the term "individuals" refers to "clients or customers of the
covered public accommodation." 42 U.S.C. § 12182(b)(1)(A)(iv).

38.     Diveheart's scuba diving training courses and certifications are goods, services,
facilities, privileges, advantages, or accommodations of Diveheart, and Plaintiffs are clients or
customers of Diveheart.

39.     Title III further provides that "discrimination includes:

(i) the imposition or application of eligibility criteria that screen out or tend to
screen out an individual with a disability or any class of individuals with disabilities
from fully and equally enjoying any goods, services, facilities, privileges,
advantages, or accommodations, unless such criteria can be shown to be necessary
for the provision of the goods, services, facilities, privileges, advantages, or
accommodations being offered; [and]

(ii) a failure to make reasonable modifications in policies, practices, or procedures,
when such modifications are necessary to afford such goods, services, facilities,
privileges, advantages, or accommodations to individuals with disabilities, unless
the entity can demonstrate that making such modifications would fundamentally

alter the nature of such goods, services, facilities, privileges, advantages, or

accommodations."

42 U.S.C. § 12182(b)(2)(A)(i-ii).

40.     Defendant's restrictions on and revocation of Plaintiffs' certifications on the basis of a disability or perceived disability are a denial of Plaintiffs' opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Diveheart.

41.     Defendant's restrictions on and revocation of Plaintiffs' certifications on the basis of a disability or perceived disability means that Plaintiffs' opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation of Diveheart is not equal to that afforded to other individuals without disabilities.

42.     Defendant's restrictions on and revocation of Plaintiffs' certifications on the basis of a disability or perceived disability provides Plaintiffs with a good, service, facility, privilege, advantage, or accommodation of Diveheart that is different or separate from that provided to other individuals.

43.     Defendant's restrictions on and revocation of Plaintiffs' certifications on the basis of a disability or perceived disability is an imposition or application of eligibility criteria that screens out or tends to screen out an individual with a disability from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations of Diveheart, and such criteria are unnecessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.

44.     Defendant's restrictions on and revocation of Plaintiffs' certifications on the basis of a disability or perceived disability is a failure of Defendant to make reasonable modifications

in its policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiffs.

45.     Defendants' conduct has harmed Plaintiffs and will continue to harm them until Defendant is ordered by this Court to cease discriminating against Plaintiffs on the basis of their disability.

46.     For Defendant's violation of the ADA, Plaintiffs are entitled to declaratory and injunctive relief to prevent Defendant from discriminating against them on the basis of their disability, and Defendant is liable to Plaintiffs for costs and attorneys' fees, and all other available relief.

**COUNT TWO**
**Discrimination on the Basis of a Disability in Violation of the Illinois Human Rights Act**
**On Behalf of Craig Ress**

47.     The Illinois Human Rights Act is intended to prevent and eliminate discriminatory practices in places of public accommodation because of an individual's actual or perceived disability. 775 ILCS 5/1-102(A).

48.     The Illinois Human Rights Act prohibits discrimination on the basis of "disability," which is defined to include "a determinable physical or mental characteristic of a person, including, but not limited to, a determinable physical characteristic which necessitates the person's use of a guide, hearing or support dog, the history of such characteristic, or the perception of such characteristic by the person complained against, which may result from disease, injury, congenital condition of birth or functional disorder and which characteristic . . . is unrelated to a person's ability to utilize and benefit from a place of public accommodation." 775 ILCS 5/1-103(I).

49.     It is a civil rights violation under the Illinois Human Rights Act "for any person on the basis of unlawful discrimination to...[d]eny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation." 775 ILCS 5/5-102(A).

50.     Diveheart is a "place of public accommodation" within the meaning of the IHRA.

51.     Plaintiff Ress is a person with a disability within the meaning of the IHRA.

52.     Diveheart's scuba diving training courses and certifications are goods, services or facilities of Diveheart, and Plaintiff Ress is a client or customer of Diveheart.

53.     Defendant's denial to Plaintiff Ress of a certification without restrictions, on the basis of his disability or perceived disability, is a denial of access to Defendant's facilities, goods and services.

54.     Defendant's denial to Plaintiff Ress of a certification without restrictions, on the basis of his disability or perceived disability, is a denial of the full and equal enjoyment of Defendant's facilities, goods and services.

55.     Defendant's restrictions on Plaintiff Ress's certification on the basis of a disability or perceived disability means that Plaintiff Ress's opportunity to participate in or benefit from a good, service, or facility of Diveheart is not equal to that afforded to other individuals without disabilities.

56.     Defendant's restrictions on Plaintiff Ress's certifications on the basis of a disability or perceived disability provides Plaintiff with a good, service, or facility of Diveheart that is different or separate from that provided to other individuals.

57.     Defendant's conduct has harmed Plaintiff Ress financially and reputationally, and has caused substantial mental and emotional distress, as well as the stigmatizing injury and

deprivation of personal dignity that accompanies the denial of equal access to a place of public accommodation. Defendant's conduct will continue to harm him until Defendant is ordered by this Court to cease discriminating against Plaintiff on the basis of his disability and to compensate him for the damages he has suffered from Defendant's discriminatory actions.

58.     For Defendant's violation of the Illinois Human Rights Act, Plaintiff Ress is entitled to declaratory and injunctive relief to prevent Defendant from discriminating against him on the basis of his disability, and Defendant is liable to Plaintiff for actual and punitive damages, costs and attorneys' fees, and all other available relief.

## JURY DEMAND

Plaintiffs demand a jury trial as to all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that the Court:

     a. Declare the acts and omissions of Defendant complained of herein to be in violation of the ADA and the IHRA;

     b. Enter a preliminary and permanent injunction requiring Defendant to stop discriminating against Plaintiffs on the basis of disability, and to modify its policies, practices, and procedures to comply with the ADA and IHRA;

     c. Award Plaintiff Craig Ress actual and punitive damages for the injuries caused by Defendant's violations of the IHRA;

     d. Award Plaintiffs their costs and attorneys' fees, including litigation expenses, reasonably incurred in the prosecution of the action; and

     e. Award Plaintiffs such other and further relief as this Court shall deem just and proper.

DATED this 28th day of August, 2019.


Respectfully submitted,

      /s/ Rachel M. Weisberg      
Rachel M. Weisberg
EQUIP FOR EQUALITY
20 North Michigan Avenue Suite 300
Chicago, IL  60602
Telephone: (312) 895-7319
rachelw@equipforequality.org

Matthew K. Handley (to apply for admission *pro hac vice*)
HANDLEY FARAH & ANDERSON PLLC
777 6th Street, NW -- Eleventh Floor
Washington, DC 20001
Telephone: (202) 559-2433
mhandley@hfajustice.com

*Counsel for Plaintiffs*